UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID MCGLYNN,<br><br>          Plaintiff,<br><br> - against -<br><br>EMMIS COMMUNICATIONS CORPORATION<br><br>          Defendant. | Docket No. 17-cv-6407<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff David McGlynn ("McGlynn" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Emmis Communications Corporation ("Emmis" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of actor Tracy Morgan as he addressed the media for the first time since his injury owned and registered by McGlynn, a New York based professional photographer. Accordingly, McGlynn seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacting doing business in New York.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      McGlynn is a professional photographer in the business of licensing his photographs to online and print outlets for a fee having a usual place of business at 710 West 173rd Street, Apt. B, New York, New York 10032.

6.      Upon information and belief, Emmis is a corporation duly organized and existing under the laws of the State of Indiana, with a place of business at 395 Hudson Street, 7th Floor, New York, New York 10014. At all times material hereto, Emmis has owned and operated a website at the URL: www.WBLS.com (the "Website")

## STATEMENT OF FACTS

A.      **Background and Plaintiff's Ownership of the Photograph**

7.      McGlynn photographed actor Tracy Morgan as he addressed the media for the first time since his injury (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8.      McGlynn is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

9.      The Photograph was registered with United States Copyright Office and was given Copyright Registration Number VA 2-036-654.

B.      **Defendant's Infringing Activities**

10.     On May 28, 2015, Emmis ran an article on the Website entitled *Tracy Morgan, Wal-Mart settle lawsuit over car crash.* See http://www.wbls.com/news/entertainment/tracy-

morgan-wal-mart-settle-lawsuit-over-car-crash. The article prominently featured the Photograph. A screen shot of the Photograph on the article is attached hereto as Exhibit B.

11. The Photograph appears on Emmis's computer servers.

12. Emmis did not license the Photograph from Plaintiff for its article, nor did Emmis have Plaintiff's permission or consent to publish the Photograph on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST EMMIS)**
**(17 U.S.C. §§ 106, 501)**

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14. Emmis infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Emmis is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

15. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Upon information and belief, the foregoing acts of infringement by Emmis have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION**
**(17 U.S.C. § 1202)**

18.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-17 above.

19.     When the Photograph was first published in an article in the New York Post, the article contained a gutter credit which stated Christopher McGlynn which is considered copyright management information protected under 17 U.S.C. § 1202(b). See Exhibit C.

20.     Emmis copied the Photograph from the New York Post and pasted the Photograph onto the Website and did not bring along the gutter credit to the Website.

21.     Upon information and belief, intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

22.     The conduct of Emmis violates 17 U.S.C. § 1202(b).

23.     Emmis's removal of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

24.     Upon information and belief, the removal of said copyright management information was made by Emmis intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph.  Emmis also knew, or should have known, that such removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph.

25.     As a result of the wrongful conduct of Emmis as alleged herein, Plaintiff is entitled to recover from Emmis the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Emmis because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

26.     Alternatively, Plaintiff may elect to recover from Emmis statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Emmis be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. That Emmis be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That, in regard to the first claim Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203 (b);

7.	That Plaintiff be awarded pre-judgment interest; and

8.	Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
       August 22, 2017

                                               LIEBOWITZ LAW FIRM, PLLC

                                               By: /s/Richard Liebowitz
                                                   Richard P. Liebowitz
                                               11 Sunrise Plaza, Suite 305
                                               Valley Stream, NY 11580
                                               Tel: (516) 233-1660
                                               RL@LiebowitzLawFirm.com

                                               *Attorneys for Plaintiff David McGlynn*