**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DAVID MCGLYNN, | Case No.: 1:17-cv-6407-ER |
| Plaintiff, | |
| -against- | **ANSWER TO COMPLAINT** |
| EMMIS COMMUNICATIONS CORPORATION, | |
| Defendant. | |

Defendant Emmis Communications Corporation ("Emmis" or "Defendant") by and through its undersigned counsel, hereby answers and responds to the allegations in the Complaint of Plaintiff David McGlynn ("Plaintiff") as set forth below.  Emmis does not respond to the headings in the Complaint, which require no response.  To the extent these headings purport to contain factual allegations requiring a response, Emmis denies them.

## NATURE OF THE ACTION

1.    In response to the allegations in Paragraph 1, Emmis admits that this purports to be an action for copyright infringement and for the removal and/or alteration of copyright management information seeking monetary relief.  Emmis denies the remaining allegations in Paragraph 1.

## JURISDICTION AND VENUE

2.    Emmis states that Paragraph 2 consists of legal conclusions to which no response is required.  To the extent a response is necessary, Emmis does not contest this Court's subject matter jurisdiction as alleged in Paragraph 2, but denies any wrongdoing.

8593342v.1
8593342v.1

3.      Emmis states that Paragraph 3 consists of legal conclusions to which no response is required.  To the extent a response is necessary, Emmis admits that it has a subsidiary in New York, and states that it does not contest this Court's personal jurisdiction.

4.      Emmis states that Paragraph 4 consists of legal conclusions to which no response is required.  To the extent a response is necessary, Emmis does not contest venue in this Court as alleged in Paragraph 4.

## PARTIES

5.      Emmis denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies them.

6.      Emmis admits that it is an Indiana corporation with a subsidiary that has offices at the address identified in Paragraph 6.  Emmis denies the remaining allegations in Paragraph 6 in the form alleged.

## STATEMENT OF FACTS

7.      Emmis denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies them.

8.      Emmis denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies them.

9.      Emmis denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies them.

10.     Emmis denies allegations in Paragraph 10 in the form alleged, except admits that an article entitled "Tracy Morgan, Wal-Mart settle lawsuit over car crash" appeared on a page of wbls.com on or about May 28, 2015.

11.     Emmis denies the allegations in Paragraph 11.

12.     Emmis denies the allegations in Paragraph 12 in the form alleged.

## FIRST CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT AGAINST EMMIS)
### (17 U.S.C. §§ 106, 501)

13.     In response to Paragraph 13, Emmis incorporates its responses to the allegations in Paragraphs 1-12 above as if fully set forth herein.

14.     Emmis states that Paragraph 14 consists of a legal conclusion to which no response is required.  To the extent a response is necessary, Emmis denies the allegations in Paragraph 14.

15.     Emmis states that Paragraph 15 consists of a legal conclusion to which no response is required.  To the extent a response is necessary, Emmis denies the allegations in Paragraph 15.

16.     Emmis denies the allegations in Paragraph 16.

17.     Emmis denies the allegations in Paragraph 17.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST EMMIS
### (17 U.S.C. § 1202)

18.     In response to Paragraph 18, Emmis incorporates its responses to the allegations in Paragraphs 1-17 above as if fully set forth herein.

19.     Emmis denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies them.

20.     Emmis denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies them.

21.     Emmis states that Paragraph 21 is incomprehensible as currently phrased.  To the extent a response is necessary, Emmis denies the allegations in Paragraph 21.

8593342v.1
8593342v.1

22.    Emmis states that Paragraph 22 consists of a legal conclusion to which no response is required.  To the extent a response is necessary, Emmis denies the allegations in Paragraph 22.

23.    Emmis denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies them.

24.    Emmis denies the allegations in Paragraph 24.

25.    Emmis states that Paragraph 25 consists of a legal conclusion to which no response is required.  To the extent a response is necessary, Emmis denies the allegations in Paragraph 25.

26.    Emmis states that Paragraph 26 consists of a legal conclusion to which no response is required.  To the extent a response is necessary, Emmis denies the allegations in Paragraph 26.

## PRAYER FOR RELIEF

27.    Emmis denies that Plaintiff is entitled to any of the relief demanded in Paragraphs 1-8, or any other relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

As the Complaint was the first notice of the claim, the Defendant's investigation is ongoing and it reserves the right to amend upon further information.  However, upon information and belief, it alleges the following affirmative defenses:

1.    The Complaint, and each of its claims, fails to state a claim upon which relief can be granted.

2.    Plaintiff's claims are barred, in whole or in part, to the extent that it was not the owner of any exclusive right under 17 U.S.C. § 106 at the time of the alleged infringement.

4

3.      Plaintiff's claims are barred, in whole or in part, to the extent that it does not own validly registered copyrights in the photograph at issue.

4.      Plaintiff is barred, in whole or in part, from the recovery of statutory damages and attorneys' fees under Section 412(1) of the Copyright Act, 17 U.S.C. § 412(1) because Plaintiff failed to register the copyright in the photograph at issue prior to the alleged commencement of the infringement or within three months after first publication of the photograph.

5.      Plaintiff's claims are barred, in whole or in part, because Plaintiff suffered no damages, or its damages, if any, are not of the nature and extent alleged.

6.      To the extent Plaintiff has suffered any damages, which Emmis expressly denies, Plaintiff's claims are barred, in whole or in part, by its failure to mitigate damages.

7.      Plaintiff's claims are barred, in whole or in part, because any and all purported unlawful acts alleged to have been committed by Emmis were performed with lack of knowledge and lack of willful intent.

8.      Plaintiff's claims are barred, in whole or in part, because, to the extent Emmis's use, if any, of the photographs at issue exceeded rights held by Emmis, such use was made with an innocent intent and without any belief that any acts of Emmis constituted infringement.

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of fair use.

10.     Plaintiff is barred from injunctive relief because the purported unlawful acts alleged to have been committed ceased prior to filing the Complaint and any alleged injury is therefore not immediate or irreparable, and Plaintiff has an adequate remedy at law.

## RESERVATION OF RIGHTS

Emmis presently may lack sufficient knowledge and information on which to form a belief as to whether there exist additional, as yet unstated, affirmative or other defenses. Emmis

reserves the right to assert additional affirmative and other defenses as warranted by the facts

determined through the course of additional investigation and discovery.

## JURY DEMAND

Emmis demands a trial by jury of all causes of action as to which the law entitles them to

a trial by jury.

WHEREFORE, Emmis respectfully requests judgment as follows:

A.  Plaintiff's Complaint be dismissed with prejudice in its entirety;

B.  Plaintiff takes nothing by way of its Complaint;

C.  Emmis be awarded its costs, including reasonable attorneys' fees; and

D.  Granting such other and further relief as the Court may deem just and proper.


Dated:  New York, New York
        October 30, 2017


                            WILSON, ELSER, MOSKOWITZ,
                            EDELMAN & DICKER LLP

                        By:  /s/ Adam. R. Bialek _____
                            Adam R. Bialek
                            Kerianne Losier
                            150 E. 42nd Street
                            New York, NY 10017
                            Adam.Bialek@wilsonelser.com
                            Telephone: (212) 490-3000
                            Facsimile: (212) 490-3038

                            *Attorneys for Defendant*

8593342v.1
8593342v.1

## <u>CERTIFICATE OF SERVICE</u>

I herby certify that on October 30, 2017, I caused a true and correct copy of the foregoing ANSWER TO COMPLAINT to be served electronically via the Court's CM/ECF system on Plaintiff DAVID MCGLYNN with automatic electronic notice of service by email delivery to its counsel of record as follows:

Richard Liebowitz
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 301
Valley Stream, NY 11580
T: 516-233-1660
RL@LiebowitzLawFirm.com


/s/ Kerianne Losier_____
Kerianne Losier

8593342v.1
8593342v.1